UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,                  Case No. 14-cr-20388
                                             Hon. Mark A. Goldsmith

vs.

MICHAEL WALKER,

              Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 (Dkt. 25)**

Defendant filed a motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 and Johnson v. United States, 135 S. Ct. 2551 (2015). See generally Def. Mot. (Dkt. 25). Defendant claims that Johnson's analysis of the Armed Career Criminal Act extends to the Sentencing Guidelines, and operates retroactively, such that his sentence was impermissibly enhanced. The Government responded on August 17, 2016 (Dkt. 31). For the reasons set forth below, Defendant's motion is denied.

## I. BACKGROUND

Defendant pleaded guilty to being a felon in possession of a stolen firearm in violation of 18 U.S.C. § 922(g), and judgment entered against him on March 10, 2015 (Dkt. 24). Defendant's Guidelines range was 92 to 115 months, and he was sentenced to 60 months in prison. See Def. Mot. at 8. Defendant's Guidelines range was enhanced, in part, based on the conclusion that he had committed two prior felony crimes of violence, in the form of two prior convictions for felonious assault. Id. at 1.

1

Defendant argues that his prior sentences for felonious assault should not have been deemed "crimes of violence," because the crime can only be defined as a crime of violence under the Guidelines' unconstitutional "residual clause," U.S.S.G. § 4B1.2(a)(2).  If those prior convictions were not crimes of violence, says Defendant, his proper Guidelines range "would have been 63 to 78 months in prison instead of the 92 to 115 month range upon which his 60 month sentence was imposed."  Def. Mot. at 8.

## II.  ANALYSIS

### A.  Retroactivity

The Government argues that, even accepting that Johnson applies to the Guidelines, see United States v. Pawlak, 822 F.3d 902 (6th Cir. 2016), it does not do so retroactively.  See Gov't Resp. at 3-6.  Because Defendant was sentenced before Johnson issued, argues the Government, he cannot benefit from its prospective rule.  Id.

But the Sixth Circuit has foreclosed this argument.  In establishing that the defendant had made a prima facie case that entitled him to file a second § 2255 motion, the Sixth Circuit unequivocally concluded that "[t]he Supreme Court's rationale in Welch [v. United States, 136 S. Ct. 1257 (2016)] for finding Johnson retroactive [to the ACCA] applies equally to the Guidelines."  In re Patrick, 833 F.3d 584, 588 (6th Cir. 2016).  Although the Supreme Court may explain that this conclusion was in error, it remains binding upon this Court until that happens.  Accordingly, the Court rejects the Government's non-retroactivity argument.

### B.  Felonious Assault is a Crime of Violence

This brings us to the merits of the motion:  whether Defendant's prior felonious assault conviction still would qualify as a "crime of violence," now that the Guidelines' "residual clause" has been retroactively stricken.

2

The Guidelines' invalidated residual clause includes, as the basis of a sentence enhancement for felon in possession of a firearm, any felony that "involves conduct that presents a serious potential risk of physical injury to another."  See U.S.S.G. § 4B1.2.  The remainder of the definition of "crime of violence" remains in force:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that —
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, [or] involves use of explosives . . . .

Id.; see also Johnson, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").  If Michigan's felonious assault crime, Mich. Comp. Laws § 750.82(1), meets this definition, Defendant is not entitled to relief, notwithstanding the unconstitutionality of the residual clause.

Felonious assault, also known as assault with a dangerous weapon, is defined in Mich. Comp. Laws § 750.82(1), which provides:

> [A] person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intending to commit  murder or to inflict great bodily harm less than murder is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $2,000.00, or both.

No Michigan statute further defines "assault" in this context, but courts have held that a conviction under § 750.82 requires "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery."  People v. Avant, 597 N.W.2d 864, 869 (Mich. Ct. App. 1999).

Defendant argues that felonious assault cannot qualify as a crime of violence under the so-called "elements clause" because it does not have "as an element the use, attempted use, or threatened use of physical force against the person of another."  See Def. Mot. at 3.  In support, Defendant cites Johnson v. United States, 559 U.S. 133 (2010) ("Johnson (2010)").  That case dealt with a Florida assault statute containing an element of "actually and intentionally touching," which, pursuant to a ruling from the Florida Supreme Court, could be satisfied by any physical contact, no matter how slight.  Id. at 138.  The United States Supreme Court held that this was insufficient to meet the elements clause's "physical force" criterion, because "the phrase 'physical force' means violent force — that is, force capable of causing physical pain or injury to another person."  Id. at 140 (emphasis in original).  Defendant's implication is that Michigan's felonious assault statute, like Florida's simple assault statute, can be satisfied by the slightest, non-violent physical contact, thereby taking it beyond the reach of the elements clause.

The Government disagrees, arguing that, due to the dangerous-weapon element, felonious assault is still a crime of violence under the Guidelines' elements clause, i.e., it "has as an element the use, attempted use, or threatened use of physical force against the person of another." See Gov't Resp. at 7 (quoting U.S.S.G. § 4B1.2(a)(1)).  In support, the Government cites an unpublished Sixth Circuit order, which denied a petitioner's motion to file a successive petition under § 2255 because felonious assault in Michigan is a crime of violence under the elements clause.  See id. at 7 (citing 5/23/2016 Order, In re Foster, No. 15-2008 (6th Cir.)).  In re Foster relied upon United States v. Mosley, 339 F. App'x 568 (6th Cir. 2009), an unpublished opinion squarely holding that "defendant's prior Michigan conviction for felonious assault is defined as including the use, attempted use, or threatened use of physical force against the person of another."  This Court agrees with the Government.

4

Again, a conviction under the Michigan statute requires the assault to occur with "the intent to [i] injure <u>or</u> [ii] place the victim in reasonable apprehension of an immediate battery." <u>Avant</u>, 597 N.W.2d at 869 (emphasis and brackets added). The first way of violating Michigan's felonious assault statute — assaulting a victim using a dangerous weapon with "the intent to injure" — meets the definition of "the use, attempted use, or threatened use of physical force against the person of another." This much is, apparently, undisputed.

On the other hand, the parties dispute whether the second way of violating Michigan's felonious assault statute — acting with intent to place the victim in reasonable apprehension of an immediate battery, by using a deadly weapon — possibly can be committed in a way that does not involve "the use, attempted use, or threatened use of physical force against the person of another." Michigan courts "have defined a battery as an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person. It does not matter whether the touching caused an injury." <u>People v. Cameron</u>, 806 N.W.2d 371, 379 (Mich. Ct. App. 2011). In this way, the assault underlying felonious assault is like the crime analyzed by <u>Johnson</u> (2010); in Michigan, simple assault is not a crime of violence, because it can be accomplished by an offensive, but non-harmful, touching. <u>Kearney v. United States</u>, No. 07-20143, 2016 WL 1407817, at *2 (E.D. Mich. Apr. 11, 2016). The question, then, becomes the effect of the use of the deadly weapon.

In a recently published case, the Sixth Circuit held that even the "offensive touching" type of battery becomes violent force when an element of the crime requires the use of a deadly weapon. In <u>United States v. Rafidi</u>, the court analyzed whether 18 U.S.C. § 111(b), which could be violated by an offensive touching, "has as an element the use or attempted use of 'violent force — that is, force capable of causing physical pain or injury to another person.'" 829 F.3d

437, 445-446 (6th Cir. 2016) (quoting <u>Johnson</u> 2010, 559 U.S. at 140) (emphasis omitted). <u>Rafidi</u> held that "if a defendant commits a violation of § 111 through intentionally causing physical contact . . . — even if this physical contact is not in itself 'capable of causing physical pain or injury,' — § 111(<u>b</u>)'s additional required element of using a deadly weapon during this encounter would elevate this lower degree of physical force into 'violent force' sufficient to establish § 111(b) as a 'crime of violence.'" <u>Id.</u> at 446 (quoting <u>Johnson</u> 2010, 559 U.S. at 140) (emphasis in original).

Similarly, acting with intent to place someone in <u>apprehension</u> of an immediate battery constitutes a threat of violent force when that act is performed with a deadly weapon. <u>See id.</u>; <u>United States v. Rede-Mendez</u>, 680 F.3d 552, 558 (6th Cir. 2012). In <u>Rede-Mendez</u>, the court stated that, while "the use of a deadly weapon . . . does not necessarily supply the threat if it is not already present in the underlying crime," but when "the underlying crime already [has] as an element some degree of, or the threat of, physical force in the more general sense (such as 'the least touching')," then the presence of a deadly weapon can elevate the crime to a "crime of violence" under the Guidelines. <u>Id.</u> at 558. This principle was ratified in <u>Rafidi</u>, 829 F.3d at 446, and it applies to intentionally placing someone in apprehension of a battery that, if consummated by even the slightest touching, would qualify as a crime of violence.

Our circuit consistently has held that this is the correct result. <u>See</u> <u>Mosley</u>, 339 F. App'x at 575 (Mich. Comp. Laws § 750.82(1) is "violent felony" under ACCA elements clause); 5/23/2016 Order, <u>In re Foster</u>, No. 15-2008 (6th Cir.) (same under Guidelines); <u>see also</u> 8/16/2016 Order, <u>In re Damond Mosley</u>, No. 16-1634 (6th Cir.) (denying leave to file successive § 2255 because Mich. Comp. Laws § 750.82(1) is "violent felony" under ACCA elements clause); <u>cf.</u> <u>United States v. Gloss</u>, 661 F.3d 317, 319 (6th Cir. 2011) (theft accomplished by

6

putting someone in fear, when "accomplished with a real or disguised deadly weapon . . . falls under the first clause of the definition of violent felony, as it necessarily involves 'the use, attempted use, or threatened use of physical force against the person of another.'").   Other circuits are in accord.   See, e.g., United States v. Ramon Silva, 608 F.3d 663, 670 (10th Cir. 2010).

Common sense also counsels this result.   A "crime of violence" occurs upon the "threatened use of [violent] physical force against the person of another," see U.S.S.G. § 4B1.2; Johnson 2010, 559 U.S. at 140, and an "apprehension"-type assault occurs when a person acts with "intent to . . . place the victim in reasonable apprehension of an immediate battery," Avant, 597 N.W.2d at 869.   Given that the battery apprehended by the victim necessarily would constitute "violent force" under Rafidi, it follows that an act specifically intended to cause an apprehension of that same violent force equates to a threat of violent force.   This is the very definition of a "threat."   See Merriam-Webster's Collegiate Dictionary (2011) (defining "threat" as "an expression of intention to inflict evil, injury, or damage; . . . an indication of something impending")Finally, in addition to the statutory definition of the crime, a court may also look to the jury instructions when deciding if a crime categorically is a crime of violence.   See United States v. Sanders, 301 F. App'x 503, 505 (6th Cir. 2008) (citing Taylor v. United States, 495 U.S. 575,  600 (1990)).   As the Government points out, although Michigan's Model Criminal Jury Instructions for simple assault defines battery as a "forceful, violent, or offensive touching of the person," see Mich. M. Crim. JI 17.1-17.2 (emphasis added), the battery required for felonious assault cannot, under the jury instructions, be accomplished by an "offensive touching," see id. 17.9 ("[a] battery is a forceful or violent touching of the person").   This supports the conclusion that, if the defendant was convicted of felonious assault, the presence of

a weapon elevated a touching — which could otherwise have been merely "offensive" — to something "forceful or violent."  See also Rafidi, 829 F.3d at 446 (assault with deadly weapon that does not result in physical contact, if "forceful," is a crime of violence).

Because felonious assault in Michigan necessarily has as an element the use, attempted use, or threatened use of physical force against the person of another, it was properly counted as a crime of violence, and Defendant is not entitled to resentencing.

### III.  CERTIFICATE OF APPEALABILITY

Because Defendant's claims for relief lack merit, the Court will also deny a certificate of appealability.  To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further.  See Slack v. McDaniel, 529 U.S. 473, 483-484 (2000).  For the reasons stated above, the Court will deny Defendant a certificate of appealability because reasonable jurists could not find this Court's assessment of his claims debatable.

### IV.  CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Dkt. 25) and denies Defendant a certificate of appealability.

SO ORDERED.

Dated:  January 13, 2017                    s/Mark A. Goldsmith
        Detroit, Michigan                   MARK A. GOLDSMITH
                                            United States District Judge

### <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 13, 2017.

s/Karri Sandusky
Case Manager
